## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BARBARA ILLES,**

     **Plaintiff,**

**v.**                             **Case No.:**

**BLUESTEM BRANDS, INC. d/b/a**
**FINGERHUT,**

                                    **DEMAND FOR JURY TRIAL**

     **Defendant.**

_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

     **COMES NOW**, Plaintiff, **BARBARA ILLES** ("Ms. Illes" or "Plaintiff"), by and

through the undersigned counsel, and hereby sues and files this Complaint and Demand

for Jury Trial with Injunctive Relief Sought against Defendant, **BLUESTEM BRANDS,**

**INC. d/b/a FINGERHUT** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. §

    559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15

    U.S.C. § 1692 et. seq. ("FDCPA"), the Restrictions on Use of Telephone Equipment,

    47 U.S.C. § 227 et. seq. ("TCPA") and the Florida Consumer Collection Practices

    Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt by

    using an automatic telephone dialing system or an artificial or prerecorded voice to

    call Ms. Illes' Cellular Telephone after Mr. Illes expressly revoked consent for

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page 1 of **10**

Defendant to place phone calls to her Cellular Telephone and calling Ms. Illes' Cellular Telephone with such frequency as to harass Ms. Illes.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Illes, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a (3) and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Illes is the regular user and subscriber of the cellular telephone number 727-***-2882 ("Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a foreign corporation with its registered agent, CT CORPORATION, located at 100 South 5th Street, Suite 1075, Minneapolis, MN 55402. Defendant regularly engages in business practices in the State of Florida.

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **2** of **10**

### *Statements of Fact*

8.  Ms. Illes opened a line of credit with Defendant for consumer household purposes ("Account").

9.  Sometime thereafter, Ms. Illes fell behind on her monthly payments to Defendant and incurred an outstanding balance on the Account ("Debt").

10. In or around February 2015, Defendant began placing calls to Ms. Illes' Cellular Telephone in attempts to collect the Debt.

11. Ms. Ille's answered several of Defendant's calls and repeatedly demanded that Defendant stop calling her Cellular Telephone.

12. Despite Ms. Illes' repeated demands, Defendant continued to place calls to Ms. Illes' Cellular Telephone in attempts to collect the Debt.

13. Defendant called Ms. Illes' Cellular Telephone at least one hundred and seventy nine (179) times during the time period between February 5, 2015 and July 23, 2016.

14. Defendant called Ms. Illes' Cellular Telephone from several different telephone numbers, including, but not limited to: 888-472-4932, 844-240-9756, 800-503-2370, 844-240-9758, and 866-625-7291.

15. Upon answering at least one of Defendant's first few calls, Ms. Illes heard a pause before she was connected to a live representative of Defendant.

16. Ms. Illes has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

17. All of Defendant's calls to Ms. Illes' Cellular Telephone were placed in an attempt to collect the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **3** of **10**

### _Count 1: Violation of the Telephone Consumer Protection Act_

18. Ms. Illes re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1)

    prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

20. Ms. Illes revoked consent to have the Defendant call her Cellular Telephone by the

    use of an automatic telephone dialing system ("ATDS") or artificial voice or

    prerecorded message in or around February of 2015 when she expressly told

    Defendant to stop calling her Cellular Telephone.

21. Despite this revocation of consent to call Ms. Illes' Cellular Telephone by the use of

    an ATDS or artificial voice or prerecorded message, Defendant thereafter called Ms.

    Illes' Cellular Telephone at least one hundred and seventy nine (179) times.

22. Each of Defendant's calls were placed in an attempt to collect the alleged Debt.

23. Defendant did not place any emergency calls to Ms. Illes' Cellular Telephone.

24. Defendant willfully and knowingly placed non-emergency calls to Ms. Illes' Cellular

    Telephone.

25. Ms. Illes knew that Defendant called Ms. Illes' Cellular Telephone using an ATDS

    because she heard a pause when she answered at least one of Defendant's calls on her

    Cellular Telephone before a live representative of Defendant came on the line.

_Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought_
_Illes v. Bluestem Brands, Inc. d/b/a Fingerhut_
Page **4** of 10

26. Ms. Illes knew that Defendant called Ms. Illes' Cellular Telephone using a prerecorded voice because Defendant left Ms. Illes at least one voicemail using a prerecorded voice.

27. Defendant used an ATDS when it placed at least one call to Ms. Illes' Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least thirty calls to Ms. Illes' Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Illes' Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed at least one hundred calls to Ms. Illes' Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed at least one hundred and fifty calls to Ms. Illes' Cellular Telephone.

32. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Illes' Cellular Telephone.

33. At least one call that Defendant placed to Ms. Illes' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

34. At least one call that Defendant placed to Ms. Illes' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page 5 of 10

35. At least one call that Defendant placed to Ms. Illes' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

36. At least one call that Defendant placed to Ms. Illes' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

37. At least one call that Defendant placed to Ms. Illes' Cellular Telephone was made using a prerecorded voice.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Illes, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Illes' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Illes, despite individuals like Ms. Illes revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Illes' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **6** of 10

42. Defendant has corporate policies to abuse and harass consumers like Ms. Illes despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

43. Defendant's phone calls harmed Ms. Illes by trespassing upon and interfering with Ms. Illes' rights and interests in her Cellular Telephone line.

44. Defendant's phone calls harmed Ms. Illes by wasting her time.

45. Defendant's phone calls harmed Ms. Illes by being a nuisance and causing her aggravation.

46. Defendant's phone calls harmed Ms. Illes by causing a risk of personal injury to Ms. Illes due to interruption and distraction.

47. Defendant's phone calls harmed Ms. Illes by invading her privacy.

48. Defendant's phone calls harmed Ms. Illes by causing her to lose sleep.

49. Defendant's phone calls harmed Ms. Illes by causing her to suffer emotional distress.

50. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **7** of **10**

e.   Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

51. Ms. Illes re-alleges paragraphs 1-17 and incorporates the same herein by reference.

52. Ms. Illes is a "consumer" within the meaning of the FDCPA.

53. The subject debt is a "consumer debt" within the meaning of the FDCPA.

54. The Defendant is a "debt collector" within the meaning of the FDCPA.

55. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a.   Defendant violated 15 U.S.C. § 1692d (5) (2012) by causing Plaintiff's telephone to ring continuously with the intent to annoy, abuse, and harass the person at the called number.

56. As a result of the above violation of the FDCPA, Ms. Illes has been subjected to illegal collection activities for which she has been damaged.

57. Defendant's actions have damaged Ms. Illes by invading her privacy.

58. Defendant's actions have damaged Ms. Illes by causing her embarrassment.

59. Defendant's actions have damaged Ms. Illes by causing her stress.

60. Defendant's actions have damaged Ms. Illes by causing her aggravation.

61. Defendant's actions have damaged Ms. Illes by harming her reputation.

62. Defendant's phone calls harmed Ms. Illes by causing her to lose sleep.

63. Defendant's phone calls harmed Ms. Illes by causing her to suffer emotional distress.

64. It has been necessary for Ms. Illes to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **8** of 10

65. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees; and

    d.  Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

66. Ms. Illes re-alleges paragraphs 1-17 and incorporates the same herein by reference.

67. Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated Fla. Stat. § 559.72 (7) by willfully communicating with Ms. Illes with such frequency as can reasonably be expected to harass Ms. Illes, by causing Ms. Illes' cell phone to ring continuously.

68. As a result of the above violation of the FCCPA, Ms. Illes has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

69. Defendant's actions have damaged Ms. Illes by invading her privacy.

70. Defendant's actions have damaged Ms. Illes by causing her embarrassment.

71. Defendant's actions have damaged Ms. Illes by causing her stress.

72. Defendant's actions have damaged Ms. Illes by causing her aggravation.

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **9** of 10

73. Defendant's actions have damaged Ms. Illes by harming her reputation.

74. Defendant's phone calls harmed Ms. Illes by causing her to lose sleep.

75. Defendant's phone calls harmed Ms. Illes by causing her to suffer emotional distress.

76. It has been necessary for Ms. Illes to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **BARBARA ILLES**, demands a trial by jury on all issues so triable.

Respectfully submitted this **June 12, 2017**,

        */s/  Kaelyn Steinkraus*
        Kaelyn Steinkraus, Esq.
        Florida Bar No. 125132
        Michael A. Ziegler, Esq.
        Florida Bar No. 74864
        Law Office of Michael A. Ziegler, P.L.
        13575 58th Street North, Suite 129
        Clearwater, FL 33760
        (p)  (727) 538-4188
        (f)  (727) 362-4778
        kaelyn@zieglerlawoffice.com
        mike@zieglerlawoffice.com
        Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Illes v. Bluestem Brands, Inc. d/b/a Fingerhut*
Page **10** of 10